IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT DAVID DUNN, )
)
         Petitioner, )
)
v. ) Case No. CIV-09-1239-F
)
DAVID PARKER, WARDEN,[1] )
)
         Respondent. )

## REPORT AND RECOMMENDATION

Petitioner has filed a Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. He challenges a 1992 conviction and sentence in Case No. CRF-91-27, District Court of Harper County, State of Oklahoma.

Upon initial review of the Petition, this Court entered an Order to show cause, directing Petitioner to demonstrate why his Petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). *See* Order [Doc. #12]. Petitioner has filed an Objection to Dismissal [Doc. #13] in response to the show cause order. As discussed below, because it plainly appears from the face of the Petition and the exhibits annexed thereto that the Petition has been untimely filed and Petitioner has failed to demonstrate, with supporting factual

---

[1] Petitioner is presently in custody at James Crabtree Correctional Center. Where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, David Parker, warden of the facility currently housing Petitioner, is the proper respondent in the case. Justin Jones, Director of the Oklahoma Department of Corrections, Drew Edmondson, Attorney General of the State of Oklahoma and the State of Oklahoma are dismissed as respondents.

allegations, that any extraordinary circumstances exist that might warrant the Court's consideration of his untimely Petition, summary dismissal is recommended.

I. **Background**

On July 9, 1992, Petitioner was convicted and sentenced pursuant to a plea of guilty in Oklahoma state court on the following counts: Sexual Child Abuse (counts One and Ten); Sodomy (counts Two and Eleven); and First Degree Rape (counts Seven and Fourteen). *See* Petition at 1, ¶ 5; *see also id.*, Attachment 1, Order Denying Defendant's Application for Post-Conviction Relief, Case No. CRF-91-27, District Court of Harper County, State of Oklahoma (reciting procedural history).[2] Petitioner was sentenced to a term of one year imprisonment on each of counts One and Ten; a term of twenty years imprisonment on each of counts Two and Eleven; and a term of life imprisonment on each of Counts Seven and Fourteen. The twenty-year sentences were to run consecutively to the life sentences. *See* Order Denying Defendant's Application for Post-Conviction Relief at 5, ¶¶ 9-11; *see also* Brief in Support of Petition [Doc. #3], Attachment 1 at electronic page 6, Judgment and Sentence, Case No. CRF-91-27, District Court of Harper County, State of Oklahoma.

Petitioner did not file a motion to withdraw his guilty plea, *see* Petition, ¶ 8, and, therefore, his conviction became final on July 19, 1992, ten days after the pronouncement of the judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 (requiring defendant to file an application to withdraw guilty plea

---

[2]As part of the plea agreement, the State dismissed all other counts brought against Petitioner.

within ten days of the pronouncement of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty).

On June 24, 2005, Petitioner filed a federal habeas petition in this judicial district pursuant to 28 U.S.C. § 2254, which the Court construed as a challenge to the execution of Petitioner's Harper County sentences under 28 U.S.C. § 2241. The petition was dismissed on August 8, 2005, as untimely. *See Dunn v. Workman*, Case No. CIV-05-726-F, United States District Court for the Western District of Oklahoma, Report and Recommendation (July 19, 2005) [Doc. #10]; Order Adopting (August 8, 2005) [Doc. #12]; and Judgment (August 8, 2005) [Doc. #13].

Approximately three years later, on July 22, 2008, Petitioner filed a state application for post-conviction relief in the District Court of Harper County, State of Oklahoma. The district court denied relief on December 5, 2008. *See* Petition, Attachment 1, Order Denying Defendant's Application for Post-Conviction Relief. Petitioner attempted to appeal the district court's denial to the Oklahoma Court of Criminal Appeals (OCCA) but the OCCA declined to exercise jurisdiction. *See* Petition, Attachment 2, OCCA docket, *Dunn v. State of Oklahoma*, Case No. PC-2009-37.

Petitioner filed the instant action on November 9, 2009, bringing four grounds for federal habeas relief. In Ground One, Petitioner claims a double jeopardy violation. Petitioner contends that at the sentencing proceedings, the trial judge ordered his life sentences to run concurrently with his twenty-year sentences. He claims the judgment and sentence erroneously reflects the sentences as ordered to run consecutively and as relief,

3

seeks a corrected judgment and sentence. He contends he has discharged his twenty-year sentences and because the life sentences were ordered to run concurrently, he is entitled to release on all his sentences. Because he has not been released, he claims his double jeopardy rights have been violated. In Ground Two, Petitioner claims a violation of his due process rights because he was not afforded a competency determination during the state court proceedings. In Ground Three, Petitioner claims a due process violation on grounds that his guilty plea was not voluntary. In his fourth and final ground for relief, Petitioner claims a violation of his Sixth Amendment right to the effective assistance of counsel.

## II. Analysis

### A. Standard for Summary Dismissal of the Petition

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that: "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *see also Kilgore v. Attorney General of Colo.*, 519 F.3d 1084 (10th Cir. 2008) (holding a court may dismiss a § 2254 habeas petition if its untimeliness is clear from the face of the petition).

B.      **The Petition Is Untimely Filed**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect, significantly amending the habeas corpus statutes. One such amendment imposed a one-year limitation on a state prisoner's right to bring a federal habeas action, generally running from the date the prisoner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation is to be tolled, however, during the time that a "properly filed" post-conviction proceeding is pending in state court. *See id*., § 2244(d)(2).

To avoid the unfairness of retroactively imposing this one-year limitation on state prisoners whose convictions became final before the AEDPA's effective date, the Tenth Circuit recognized a one-year grace period within which such prisoners could file their federal habeas petitions. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). This one-year grace period is subject to the § 2244(d)(2) tolling rule during the pendency of a "properly filed" post-conviction proceeding. *See id*. at 1226 & n. 4.

Under these rules, Petitioner had until April 24, 1997, to file his federal habeas petition, unless he had a "properly filed" state post-conviction proceeding pending which would toll the time limit. As set forth above, the Petition and exhibits annexed to it demonstrate that Petitioner did not seek state post-conviction relief until July 22, 2008, nearly eleven years after the statute of limitations period expired.[3] Therefore, statutory tolling is not

---

[3]The record reflects that Petitioner characterized his post-conviction application as a request for an appeal out of time. Because the state district court denied post-conviction relief, and further, the OCCA declined to exercise jurisdiction over Petitioner's appeal of that denial, his
(continued...)

5

available to him. *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period for convictions, like Fisher's, which became final before the effective date of AEDPA."). Accordingly, the instant Petition, filed November 9, 2009, is time-barred.[4]

---

[3](...continued)
characterization of his post conviction application is not material. *Compare Jimenez v. Quarterman*, 129 S.Ct. 681 (2009) (a state court's *grant* of right to file out-of-time direct appeal resets date when conviction becomes final under the AEDPA).

[4]In relation to the claim raised in Ground One of the Petition, Petitioner contends "it took approximately 8 years for the breach complained of . . . by the State to occur." *See* Objection to Dismissal [Doc. #13] at 2-3. Petitioner may contend, therefore, that the factual predicate of his claim did not arise until after his conviction became final and, therefore, that the limitations period triggering date is governed by 28 U.S.C. § 2244(d)(1)(D). The Court rejects application of this triggering date. Petitioner has brought this action pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence. The Judgment and Sentence reflects the consecutive ordering of the sentences. *See* Brief in Support of Petition [Doc. #3], Attachment 1 at electronic pages 6-9. Therefore, the factual predicate of the claim was available to Petitioner at the time the Judgment and Sentence was entered. Moreover, as set forth above, Petitioner already challenged the execution of his sentence in a prior habeas action pursuant to 28 U.S.C. § 2241 based on the same facts alleged in support of the claim raised in Ground One of the instant Petition. In the § 2241 action, the Court determined the factual predicate of Petitioner's claim arose on September 9, 2000. *See Dunn v. Workman*, Case No. CIV-05-726-F, Report and Recommendation [Doc. #10] at 4. Therefore, even if Petitioner could properly invoke § 2244(d)(1)(D) as the applicable triggering date, the one year limitations period expired on September 9, 2001. And, Petitioner is not entitled to statutory tolling because he did not commence state post-conviction proceedings until after the one-year limitations period expired. *See id.* at 5.

C.  **Petitioner Has Shown No Entitlement to Equitable Tolling**

Petitioner does not provide any factual allegations that would support application of equitable tolling of the limitations period. The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).[5]

Petitioner makes reference to the fact that he suffers from mental illness in his Brief In Support [Doc. #3]. He alleges he suffers from depression and post-traumatic stress disorder. *See id.* at 1-2. He does not allege, however, that his mental illness has prevented him from diligently pursuing his claims or otherwise allege that he has been hindered in his ability to pursue his claims for federal habeas relief as a result of his mental illness. *See, e.g.,*

---

[5]The Supreme Court has not specifically decided whether equitable tolling applies to time limits for filing federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, 549 U.S. 327 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), requiring a petitioner to show that she has been pursuing her rights diligently and that some extraordinary circumstances prevented her from making a timely filing. *Lawrence*, 549 U.S. at 336.

*Rawlins v. Newton-Embry*, No. 09-6162, 2009 WL 3627964 at *2 (10th Cir. Nov. 4, 2009) (unpublished op.) ("The Tenth Circuit has stated in several unpublished opinions that equitable tolling because of mental illness is only warranted in circumstances such as adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing [her] own claim because of mental incapacity.") (internal quotations and citations omitted). Significantly, in his response to the Court's show cause order, Petitioner makes no reference to any mental disability and makes no argument in favor of equitable tolling based on any such mental disability. *Compare Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (reversing district court's *sua sponte* dismissal of prisoner's § 1983 action on statute of limitations grounds where prisoner was not given notice and an opportunity to be heard on the issue and prisoner was incarcerated at a mental health correctional facility "raising the implication that he might be entitled to tolling for a mental disability"). Nor has Petitioner alleged any other circumstances that would justify equitable tolling of the limitations period. Indeed, Petitioner has demonstrated his ability to pursue collateral review proceedings in both state and federal court. Moreover, Petitioner offers no explanation for the delay of many years in pursuing any form of relief. Even the time period between the filing of his § 2241 habeas petition and the instant petition is significant, spanning nearly four years. Under these circumstances, no equitable tolling of the limitations period is appropriate.

## **RECOMMENDATION**

It is recommended that the Petition [Doc. #1] be summarily dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, Petitioner may file specific written objections. Fed. R. Civ. P. 72(b)(2). Any objections must be filed with the Clerk of the District Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

The Court Clerk is directed to transmit by electronic mail a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent for informational purposes.

ENTERED this __26th__ day of February, 2010.

/s/ Valerie K. Couch
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE