# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT DAVID DUNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-09-1239-F |
| | ) | |
| DAVID PARKER, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, Robert David Dunn, appearing *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1992 conviction and sentence in Case No. CRF-91-27, District Court of Harper County, State of Oklahoma.

On February 26, 2010, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation, wherein she recommended that petitioner's petition be summarily dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Currently before the court is petitioner's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b), the court has conducted a de novo review of the matter. Having done so, the court concurs with the analysis of Magistrate Judge Couch. The court finds petitioner's objection to be without merit. The court therefore accepts, adopts and affirms the Report and Recommendation in its entirety.[1]

---

[1] In his objection, petitioner requests the appointment of counsel. There is no absolute right to appointment of counsel beyond the appeal of a criminal conviction. Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). Generally, the appointment of counsel in a § 2254 proceeding is discretionary. *Id*. In determining whether to

Accordingly, the Report and Recommendation of United States Magistrate Judge Valerie K. Couch on February 26, 2010 (doc. no. 14), is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner, Robert David Dunn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is summarily dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

IT IS SO ORDERED this 29th day of March, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-1239p003.wpd

---

appoint counsel, the court is to consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims and the complexity of the legal issues raised by the claims. Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991). At this juncture, the only issue before the court is whether petitioner's petition was timely filed. The court, as stated, concurs with the analysis of Magistrate Judge Couch, that the petition was not timely filed. The court concludes that petitioner's objection is without merit. In addition, the court concludes that the issue as to whether the § 2254 petition was timely filed is not complex. The court is further satisfied that petitioner is able to present his arguments in regard to the issue. Finally, the court finds that no evidentiary hearing in regard to the timeliness issue is required. *See*, Swazo, 23 F.3d at 333. The court therefore concludes that petitioner's request for counsel should be and is denied.